UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 2:18-CR-54-KAC-CRW-22 |
| | ) | | |
| THOMAS MATTHEW MARKLAND, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**ORDER**

Before the Court is Defendant's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 745] as supplemented by counsel [Doc. 766]. The United States ("the Government") responded in opposition [Doc. 767]. For the reasons discussed below, the Court denies Defendant's motion.

**I.     BACKGROUND**

In May 2019, Defendant was sentenced to 120 months' imprisonment based on his conviction for conspiracy to distribute and possess with the intent to distribute fifty (50) grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) [Doc. 251]. Defendant filed a motion for compassionate release in June 2020 based on COVID-19-related health concerns and his desire to care for his children and family [Doc. 630]. The Court denied that motion without prejudice because Defendant had not exhausted his administrative remedies with the Bureau of Prisons ("BOP") [Doc. 659]. Defendant is currently housed at Loretto Federal Correctional Institution, where he is predicted to finish his sentence in January 2027. *See* Inmate Locator, Bureau of Prisons, https//www.bop.gov.inmateloc/ (last visited September 9,

2022). Defendant now requests compassionate release based on his family circumstances, the COVID-19 pandemic, and his rehabilitation [Docs. 745, 766].

II. LEGAL STANDARD

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Under 18 U.S.C. § 3582(c)(1)(A)(i), a district court can modify a term of imprisonment if "extraordinary and compelling reasons" justify a sentence reduction and a reduction is consistent with the relevant factors in 18 U.S.C. § 3553(a). *See also United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020) (holding that "federal judges" have "full discretion to define 'extraordinary and compelling'" without reference to U.S. Sentencing Commission policy statement § 1B1.13). Before seeking compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1105.

III. ANALYSIS

A. Exhaustion

The Government acknowledges that Defendant has exhausted his administrative remedies with respect to family circumstances and COVID-19 but claims he has not previously requested administrative relief based on rehabilitation [Doc. 767 at 3; *see also* 745-1]. Defendant mentioned his rehabilitation in his administrative request from November 2020 [Doc. 745-1 at 3]. Specifically, Defendant stated, "I have only two disciplinary write ups which were both 300 series [and] I have taken several programs since being incarcerated" [*Id.*]. Accordingly, Defendant may have satisfied the exhaustion requirement as to his rehabilitation. But the Court need not make

2

that definitive determination here because even if the Court considers all three potential bases for relief, Defendant's motion fails.

B.     Merits

*Changed Family Circumstances.*    First and foremost, Defendant requests compassionate release so that he can care for his mother and minor children [Doc. 745 at 2; Doc. 766 at 1]. Defendant explains that his wife passed away shortly after giving birth, and Defendant's mother is the sole caregiver for Defendant's four-year-old son and daughter [Doc. 766 at 13].  Defendant emphasizes that his son has "a number of medical issues and needs constant trips to medical appointments," while his daughter suffers from scoliosis [Docs. 745 at 2, 745-1 at 1].  He further asserts that his mother's health is "in rapid decline" and "if things get worse [he] doesn't know who would be able to care for [his] kids" [Docs. 745. at 2, 764-4 at 1].  In support of his motion, Defendant has submitted a letter from his mother's doctor, medical records for his children, and letters in support of his motion [Doc. 766].

According to a letter from Defendant's mother's doctor, Defendant's mother is sixty-two years old and suffers from chronic obstructive pulmonary disease, osteopenia, intermittent claudication and joint pain, as well as caregiver role strain [Doc. 766-2].  The letter further states that Defendant's mother's chronic medical conditions "are interfering with her ability to maintain [a] normal activity level" and "her issues are complicated/magnified relative to her caring for 2 small children at this time" [*Id.*].

Medical records show that Defendant's son was born with bilateral club feet which require continued treatment and possible surgery [Doc. 766-3 at 1–12].  Moreover, Defendant's son is developmentally delayed and has been diagnosed with epilepsy [*Id.*].  Defendant's daughter has been diagnosed with curvature on the right side of the spine which requires treatment [*Id.* at

3

13–30]. Four individuals have submitted letters asserting that they are unable to assume full-time care of Defendant's children [Doc. 766-4].

The Sentencing Commission identifies "[t]he death or incapacitation of the caregiver of the defendant's minor child" as an extraordinary and compelling reason to reduce a defendant's sentence. U.S.S.G. § 1B1.13 cmt. 1(C). While no longer binding, courts may "permissively consider [the Sentencing Commission's guidance] as part of [their] discretionary inquiry." *United States v. Tomes*, 990 F.3d 500, 503 n.1 (6th Cir. 2021). While the death or incapacitation of a minor child's caregiver may constitute extraordinary and compelling reasons for a sentence reduction, Defendant has not alleged that his mother is incapacitated. Nor are there any medical records before the Court showing that her health is in rapid decline. Indeed, Defendant has not provided a letter or other statement from his mother. Hence, the Court has no firsthand knowledge of whether she is incapable of continuing as primary caregiver for the children. Although Defendant has submitted letters from individuals who say they cannot take on full-time caregiving duties, it is not clear that these letters represent the only possible caregivers.

Given the factors discussed above, these unclear and uncertain circumstances do not rise to an extraordinary and compelling reason for Defendant's release at this time.

*COVID-19*. Defendant also raises concerns regarding COVID-19 and its impact on his health [*See* Docs. 745-1 at 3, 766 at 1, 14–15]. According to Defendant, he is vulnerable to the virus due to his high cholesterol, high blood pressure, and obesity [Doc. 745-1 at 3]. The Centers for Disease Control has concluded that high blood pressure and obesity "can" increase the risk of serious illness from COVID-19. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-

4

Case 2:18-cr-00054-KAC-CRW   Document 779   Filed 09/09/22   Page 4 of 6   PageID #: 5065

conditions.html (last visited September 7, 2022).  However, Defendant has not provided any medical records documenting his conditions.

Even assuming that Defendant suffers from high blood pressure and obesity, these conditions are not uncommon.  Nor do his conditions appear to be severe.  Indeed, BOP classifies Defendant as a Care Level 2 [Doc. 767-3], indicating that he is a stable outpatient whose conditions can be controlled through routine appointments.  *See* http://www.bop.gov/resources/pdfs/care_level_ classification_ guide.pdf (last visited September 7, 2022).  Moreover, BOP records indicate that Defendant has already contracted and recovered from COVID-19 and is fully vaccinated [Docs. 766-1 at 7, Doc. 768].  To the extent that Defendant may be vulnerable to a future infection, that vulnerability is mitigated by his vaccination.  *See United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (A defendant's "access to the COVID-19 vaccine substantially undermines his request for a sentence reduction" because "with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated.").  Accordingly, the Court finds that Defendant's alleged risk from COVID-19 does not rise to the level of extraordinary and compelling circumstances warranting relief.

*Rehabilitation.*  Last, Defendant argues that his rehabilitation constitutes an extraordinary and compelling reason for his release [Doc. 766 at 5, 12].  In support of this argument, he asserts that he has completed or enrolled in at least sixteen (16) programs during his incarceration. [*Id.* at 12]. Defendant also asserts that he volunteers by speaking with school children regarding the consequences of prison [Doc. 766-4 at 2].  BOP records show that Defendant has completed eighty-nine (89) hours of educational courses, and that he has enrolled in various programs [Doc. 766-1].  BOP records also show that Defendant has incurred disciplinary sanctions on five (5) occasions, the most recent being in July of 2022 [Doc. 767-2].

5

However, Congress has provided that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release. 28 U.S.C. § 994(t). Therefore, the Court may not grant a sentence reduction solely on that basis.

Either alone or in concert, Defendant has not presented extraordinary and compelling reasons for a sentence reduction. Because the "extraordinary and compelling" requirement has not been met, the Court need not analyze the relevant 18 U.S.C. § 3553(a) factors. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (A motion for compassionate release may be denied when one of the substantive requirements is not met.).

IV. **CONCLUSION**

Therefore, the Court **DENIES** Defendant's pro se motion for compassionate release [Doc. 745] as supplemented by counsel [Doc. 766].

**IT IS SO ORDERED.**

_____
KATHERINE A. CRYTZER
United States District Judge