UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 2:18-CR-54-KAC-CRW-22 |
| THOMAS MATTHEW MARKLAND, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S "MOTION FOR RECONSIDERATION"**

On September 9, 2022, the Court issued an Order [Doc. 779] denying Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) [Docs. 745, 766]. Fourteen (14) days later, Defendant filed a "Notice of Appeal," appealing "the Order entered September 9, 2022" [Doc. 781]. That same day, he also filed a "Motion for Reconsideration," asking the Court "to reconsider its previous ruling entered on September 9, 2022" [Doc. 780 at 1]. As a basis for the "Motion for Reconsideration" [Doc. 780], Defendant, through counsel, asserts, without evidence, that his "family circumstances have once again changed warranting a reconsideration for release" and asks the Court to "change its position and grant early release" based on the "additional reasons" provided in the "Motion for Reconsideration" [Doc. 780 at 1]. The United States responded in opposition [Doc. 784] to Defendant's "Motion for Reconsideration," arguing that the Court lacks jurisdiction to "reduce Markland's sentence because his appeal of this Court's prior order is pending before the Sixth Circuit" [Doc. 784 at 1]. However, the United States notes that "[i]f the Court were inclined" to grant the "Motion for Reconsideration" it could issue "an indicative ruling" under Federal Rule of Criminal Procedure 37(a). The Court denies Defendant's "Motion

for Reconsideration" because it lacks jurisdiction to grant the motion and declines to issue an indicative ruling under Rule 37(a).

"A notice of appeal 'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *United States v. DeLong*, No. 21-3255, 2022 WL 816957, *5 (6th Cir. Jan. 24, 2022) (quoting *United States v. Carman*, 933 F.3d 614, 617 (6th Cir. 2019)). "When an appeal is pending, a district court may act to 'aid in the appellate process' but not 'alter the case on appeal.'" *Id.* (quoting *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 459 U.S. 56, 58 (1982)). Under Rule 37(a), "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending," the court may "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a).

Here, because the Court's Order regarding Defendant's motion for compassionate release is on appeal to the Sixth Circuit, [*see* Doc. 781], the Court lacks jurisdiction to grant Defendant's "Motion for Reconsideration." *See DeLong*, 2022 WL 816957 at *5. However, Defendant made a "timely motion" for relief "that the court lacks authority to grant because of an appeal that has been docketed and pending," which brings his case within the ambit of Rule 37(a). *See* Fed. R. Civ. P. 37(a); Doc. 781. Thus, the Court may, at its discretion, issue an "indicative ruling" under Rule 37(a), indicating that it would grant Defendant's "Motion for Reconsideration" if it had jurisdiction. *See DeLong*, 2022 WL 816957 at *5. The Court declines to do so here. *See United States v. McKnight*, Nos. 20-11859, 21-11398, 2022 WL 4692129, *3 (11th Cir. Oct. 3, 2022) ("Discretion to issue an indicative ruling is not an obligation to do so"). Defendant's "Motion for Reconsideration" appears to suffer from the same defects as his initial motion for compassionate

2

Case 2:18-cr-00054-KAC-CRW   Document 787   Filed 10/24/22   Page 2 of 3   PageID #: 5085

release—a lack of record evidence to support what otherwise amounts to hearsay. Given the lack of record evidence and the Sixth Circuit's admonition that a district court should not "alter the case on appeal," the Court is not inclined to issue an indicative ruling in Defendant's favor. *See* Fed. R. Crim. P. 37(a). Instead, the Court **DENIES** Defendant's "Motion for Reconsideration" for lack of jurisdiction. *See United States v. Stoltz*, No. 1:15-CR-10013-JDB-1, 2022 WL 2812263, *1 (W.D. Tenn. July 18, 2022) (denying motion for reconsideration for lack of jurisdiction under Rule 37(a)).

      IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

3

Case 2:18-cr-00054-KAC-CRW   Document 787   Filed 10/24/22   Page 3 of 3   PageID #: 5086